533 So.2d 1029 (1988)
STATE of Louisiana
v.
Johnnie A. BURNES.
No. 88-KA-0496.
Court of Appeal of Louisiana, Fourth Circuit.
October 27, 1988.
Harry F. Connick, Dist. Atty., R. Jeffrey Bridger, Asst. Dist. Atty., New Orleans, for plaintiff.
Peter J. Castano, New Orleans, for defendant.
Before BARRY, KLEES and BYRNES, JJ.
*1030 BARRY, Judge.
The defendant was indicted for second degree murder, La.R.S. 14:30.1, and a jury found him guilty of manslaughter, La.R.S. 14:31. He was sentenced as a second felony offender to twenty-five years at hard labor without good time eligibility.
On June 28, 1986 Joseph "Beenie" Wallace and a friend, Clement Roache, spent the day riding in Wallace's car. That afternoon they went to a residence and Wallace asked Roache to remain in the car while he went inside to talk to the defendant, his "close" friend. After about one and a half hours the defendant came out of the house with a gun and ordered Roache inside. When Roache entered, the defendant hit him in the head and ordered him and Wallace to undress because he claimed one of them had his money. When the defendant answered a knock on the door Roache and Wallace fled out of the back door. The defendant gave chase. Roache ran into nearby bushes and Wallace attempted to go over a fence.
The defendant allegedly shot Wallace three times and killed him, then fled. Several individuals saw Wallace and the defendant running toward the fence, heard shots, and saw the defendant walk quickly away after the shooting.
The defendant produced several witnesses, mostly members of his family. They claimed he was at a birthday party held in his honor at his grandmother's house in Bassfield, Mississippi on the night of the crime. He surrendered himself in Bassfield approximately one month later.
By his first assignment of error the defendant complains that his case was transferred to a judge who had tried a related case. This case was originally allotted to Judge Winsberg, but on the day of trial it was assigned to Judge Waldron because Judge Winsberg was on special assignment. The defendant objected to the transfer, but Judge Waldron refused to delay trial or recuse himself. The record does not show a basis for the objection.
The defendant's brief contends the transfer was improper because Judge Waldron allegedly tried a "related" case. The defense does not say how the defendant was prejudiced.
This assignment has no merit.
By his second assignment the defendant contends the court erred by admitting allegedly gruesome and inflammatory photographs of the victim taken at the scene of the crime.
The standard for admission is set out in State v. Comeaux, 514 So.2d 84, 96-97 (La.1987):
Generally, photographs of the body of a victim depicting the fatal wounds are relevant to prove the corpus delicti, to corroborate other evidence of the manner in which death occurred and to establish the location, severity, and number of wounds, and the identity of the victim. The test of admissibility is whether the probative value of the photographs outweighs the prejudice which may result from their display to the jury. The circumstance that the photographs are gruesome does not of itself render them inadmissible. (citation omitted)
The photographs must be so gruesome that they overwhelm reason resulting in the association of the defendant with the injury without sufficient evidence. State v. Watson, 449 So.2d 1321 (La.1984), cert. denied, 469 U.S. 1181, 105 S.Ct. 939, 83 L.Ed.2d 952 (1985).
The photographs include three views of the victim's body, three close-ups of the gunshot wound to the head, one close-up of the gunshot wound to the abdomen, two close-ups of the hand to show how he injured it jumping the fence, and a picture of the fence.
The photographs corroborated: the testimony of the State's witnesses as to how Wallace was killed; the expert testimony establishing the cause of death; the location, severity, and number of wounds; and identified the victim. The photographs are not so gruesome that they overwhelm reason. Their probative value outweighs their prejudicial effect and they were properly admitted into evidence. This assignment has no merit.
*1031 By his third assignment the defendant contends the State did not give written notice prior to trial of the names of four State witnesses as required by La.C.Cr.P. Art. 727(A, B, D, E), relative to notice of an alibi defense, which provides:
A. Upon written demand of the district attorney stating the time, date, and place at which the alleged offense was committed, the defendant shall serve within ten days, or at such different time as the court may direct, upon the district attorney a written notice of his intention to offer a defense of alibi. Such notice by the defendant shall state the specific place or places at which the defendant claims to have been at the time of the alleged offense and the names and addresses of the witnesses upon whom he intends to rely to establish such alibi.
B. Within ten days thereafter, but in no event less than ten days before trial, unless the court otherwise directs, the district attorney shall serve upon the defendant or his attorney a written notice stating the names and addresses of the witnesses upon whom the state intends to rely to establish the defendant's presence at the scene of the alleged offense and any other witnesses to be relied on to rebut testimony of any of the defendant's alibi witnesses.

D. Upon the failure of either party to comply with the requirements of this rule, the court may exclude the testimony of any undisclosed witness offered by such party as to the defendant's absence from or presence at, the scene of the alleged offense....
E. For good cause shown, the court may grant an exception to any of the requirements of Subsections A through D of this Section.
The purpose of the discovery articles is to prevent unwarranted prejudice which may arise from surprise testimony. State v. Toomer, 395 So.2d 1320 (La.1981). It is within the discretion of the trial court to grant an exception to the notice requirements of La.C.Cr.P. Art. 727. State v. Brown, 414 So.2d 689 (La.1982).
Although the defendant gave the State written notice of his intention to offer an alibi defense, the State did not notify the defendant that Marie Butler, Arthur Culbertson, Clement Roache and Albert Jackson would be called to rebut the defendant's alibi witnesses.
The trial court allowed the testimony because the witnesses had testified before trial at motion hearings; consequently, the defendant knew about the witnesses and their testimony and could not be "surprised" or prejudiced.
The trial court granted an exception to the notice requirement which we find reasonable and within its discretion. This assignment has no merit.
By his fourth assignment the defendant contends the trial court erred by limiting cross-examination of Clement Roache and Arthur Culbertson.
La.R.S. 15:275 provides:
In the discipline of his court, the trial judge is vested with a sound discretion to stop the prolonged, unnecessary and irrelevant examination of a witness, whether such examination be direct or cross, and even though no objection be urged by counsel.
Roache was with the victim the day of the crime. Traces of drugs were found in Wallace's urine after his death. The trial court sustained objections by the State on questions the defense asked Roache regarding his knowledge of drugs. The judge, however, allowed the defense's questions to Roach regarding whether he and Wallace had used drugs on the day of the crime.
The trial court correctly limited questions regarding Roache's general knowledge of drugs because of relevancy. Those questions had nothing to do with Roache's credibility or his perception of the crime. Questions geared toward finding out if Roache used drugs were proper since that information was relevant as to Roache's condition on the day of the crime. This assignment has no merit.
The defendant also contends the trial court erred by not allowing a question as to *1032 the address of State witness Arthur Culbertson. The defendant says it needed that information to determine Culbertson's familiarity with the area where the crime occurred. We find that information irrelevant. Culbertson was visiting a friend when he witnessed the crime. He positively identified the defendant from a photographic line-up shortly after the crime.
This assignment has no merit.
By his fifth assignment the defendant contends his due process rights were violated by the State's immaterial questions during cross-examination of his brother Acie Burnes. On direct examination Acie Burnes testified that Wallace and the defendant were close friends and that Wallace had lived at the Burnes' house for two years, thus implying the defendant had no motive.
On cross the State asked Acie Burnes questions regarding Wallace and the defendant's participation in State v. Curtis Kyles, the trial of the boyfriend of the defendant's sister. Acie Burnes testified that Kyles lived with the defendant's sister; that Wallace testified against Kyles at his trial; that Wallace was a police informant; and that Kyles was on death row. The State was presumably trying to establish that the defendant sought revenge against Wallace for testifying against Kyles.
Later, the defense stipulated as to the Kyles case and then elicited testimony that Wallace did not testify in the Kyles case. That rebutted the testimony elicited by the State. This assignment lacks merit.
Our review of the record reveals no errors patent.
The conviction and sentence are affirmed.
AFFIRMED.